Charles E. HALL, II

v.

George ZAMBELLI; Zambelli Internationale; Zambelli Fireworks Manufacturing Co., Inc.; Charleston Festival Commission, Inc.; the City of Charleston; and Onda Enterprises, Ltd.

Civ. A. No. 2:87–0098.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 7, 1988.

Everett F. Thaxton, Norman T. Daniels and Daniel Tomassetti, Thaxton & Daniels, Charleston, W.Va., for plaintiff.

Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, W.Va., for Zambelli defendants.

John Andrew Smith, Kay, Casto & Chaney, Charleston, W.Va., for Charleston Festival Com'n and City of Charleston.

Mark W. Browning, Shuman, Annand & Poe, Charleston, W.Va., for Onda Enterprises.

## MEMORANDUM OPINION
## AND ORDER

HADEN, Chief Judge.

Pending are the motions of the Defendants Zambelli * and Onda Enterprises, Ltd. to dismiss for lack of subject matter jurisdiction. The Plaintiff has responded and the Court now deems the matter ripe for decision.

It is unfortunate that the issue of subject matter jurisdiction is raised at this stage of the litigation. The issue was noted in the answer of Zambelli, but was not briefed until recently. As was indicated by the Court at a conference held on this matter, the position of the Defendants is well taken. Hence, the Plaintiff will have to begin anew in another forum. It is hoped that some of the effort which has been expended here will be of assistance elsewhere.

To repeat, the Court concludes that this action is not one which falls within the Court's admiralty jurisdiction. The Plaintiff attempts to save the day by making the following points: (1) that the injury to the Plaintiff occurred on the Kanawha River, a navigable waterway; (2) that a maritime vessel, a barge, was involved; and (3) that the fireworks being exploded off the barge could have potentially disrupted maritime activity. The Plaintiff's arguments fail to persuade the Court in light of Fourth Circuit and Supreme Court authority.

In 1972 the Supreme Court decided *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). That case involved the crash of an airplane into Lake Erie. The Court decided that the event did not give rise to admiralty jurisdiction. In doing so, the Court abandoned the "locality rule" which had been followed in most jurisdictions. That rule was strict and simplistic in its application: If a tort occurred on a navigable waterway, admiralty jurisdiction existed. Under the old locality rule, the Plaintiff here would be in federal court. The Supreme Court in *Executive Jet*, however, added the requirement that the wrong complained of bear a

"significant relationship to traditional maritime activity." *Id.* at 268, 93 S.Ct. at 504. The Fourth Circuit has recently decided a case in which it expands upon the Supreme Court's two-pronged test.

In *Oman v. Johns–Manville Corp.*, 764 F.2d 224 (4th Cir.1985), the court considered whether shipyard workers complaining of exposure to asbestos fibers could litigate their claims in federal court under admiralty jurisdiction. The Court acknowledged that the plaintiffs met the locality test; that is, some of their work was done aboard vessels located on navigable waters. The Court ruled, however, that the tort complained of did not bear a significant relationship to traditional maritime activity. The Court employed a four-part nexus test to determine the "significant relationship" question. According to the *Oman* court, the four factors which a court must consider "in analyzing the relationship a given claim bears to traditional maritime activity" are as follows:

> "(1) the functions and roles of the parties;
>
> (2) the types of vehicles and instrumentalities involved;
>
> (3) the causation and the type of injury; and
>
> (4) traditional concepts of the role of admiralty law."

*Id.* at 230.

The Defendant Onda, in its memorandum in support of the motion to dismiss, ably applies the above nexus test to the facts of this case. Such application demonstrates why admiralty jurisdiction is inappropriate here. The Court summarizes the points made by Onda.

First, it is quite apparent that the Plaintiff was not working as a seaman. He was not performing functions normally performed by a seaman. Indeed, it could be said that he was on the barge precisely because he possessed skills and could perform work different from that of the average seaman. Likewise, the other parties to this litigation, a manufacturer of fire-

---

* The Court refers to the Defendants George Zambelli, Zambelli Internationale, and Zambelli Fireworks Manufacturing Company, Inc., collectively as "Zambelli."

works, a distributor and operator of fireworks, a city and a festival commission, have little or nothing to do with maritime activities.

Onda points out that the vessel involved, a barge, was not being used as a maritime vessel. The Court agrees. The barge was merely being used as a platform. Onda compares it to the back of a flat-bed truck. Its use had little resemblance to traditional maritime activity.

Onda also notes that "evidence and testimony regarding the causation and type of injury suffered by [the Plaintiff] will involve details regarding the manufacture of fireworks, the preparation of firework displays, and the firing of fireworks." The Court agrees; this is a products liability case. "The simple fact that [the Plaintiff was] injured aboard ship does not support or justify admiralty jurisdiction." *Oman* at 231. The *Oman* court distinguished cases where defective products caused injuries to the ship which specifically implicated maritime concerns. The product here was brought aboard the vessel; it had nothing to do with the normal operation of the vessel. Fireworks is not a product or mechanism normally employed in the course of maritime pursuits.

Finally, there is the consideration which must be given to traditional concepts of the role of admiralty law. The above discussion illustrates the lack of similarity between the facts of this case and those normally receiving the attention of admiralty law. As stated before, this is essentially a products liability case. The normal concerns of admiralty law—navigational errors, limitation of liability, cargo damage, etc.—are not implicated here. This case does not require an application of uniform laws, uniformity being the *raison d'etre* of exclusive federal admiralty jurisdiction. No disruption to the nation's interstate maritime industry will occur if state law is allowed to govern the instant situation.

The Plaintiff relies upon the case of *Kelly v. Smith*, 485 F.2d 520 (5th Cir.1973). In *Kelly*, the plaintiff, while operating a small craft on the Mississippi River, was injured by gunfire from shore. The court held that the plaintiff's tort claim could be asserted under federal admiralty jurisdiction. The Plaintiff here attempts to analogize his case to *Kelly* by arguing that a defective fireworks shell can be as dangerous to shipping as gunfire. Despite the comparisons which might be made between projectiles, the Court finds the *Kelly* case to be distinguishable. In *Kelly*, the victim was actually operating a vessel, albeit a small one, upon the waters of a large navigable stream. The court found that gunfire presented "sufficient danger to maritime commerce for the federal courts of admiralty to assume jurisdiction and to furnish remedies to those aboard the vessel and injured by that conduct." *Id.* at 526. The situation here, as compared to that in *Kelly*, is quite different. The Plaintiff was not operating a maritime vessel; he was not engaged in maritime activities at all. His injuries bear no correlation to his location aboard a maritime vessel. The situs of his accident, upon a navigable waterway, has little to do with his cause of action.

In consideration of the foregoing, the Court concludes that it would be improvident for this action to continue in this forum. There being no diversity between the parties, the Court does not, therefore, otherwise have subject matter jurisdiction. Hence, the action will be dismissed without prejudice.